## Laws to use v. Maxwell, Appellant.

*Judgment—Opening judgment—Discharge of rule.*

Where a judgment entered on a note given by defendant to plaintiff is sought to be opened on the ground that defendant was not indebted to plaintiff, the rule to open will be discharged, where it appears that the judgment had been marked to the use of a corporation by which defendant had been employed, that its amount represented a sum embezzled by defendant, and that the note had been taken in the name of the legal plaintiff at defendant's request, so that it might not cause suspicion, and impair his chance of obtaining other employment.

Argued January 19, 1922. Appeal, No. 132, Jan. T., 1920, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1918, No. 4515, discharging rule to open judgment, in case of Francis S. Laws to use of Edward K. Tryon Co. v. William H. Maxwell. Before Moschzis-

KER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SAD-
LER and SCHAFFER, JJ.  Affirmed.

> Rule to open judgment.
> The opinion of the Supreme Court states the facts.
> Rule discharged.  Defendant appealed.

*Error assigned* was, inter alia, above order.

*Walter Thomas,* for appellant.—Plaintiff has at-
tempted to bring on the record a stranger, Tryon Co.,
and substitute Tryon Co. for plaintiff: Markowitz v.
Dye Works, 73 Pa. Superior Ct. 129; Whitehead v. Auto
Co., 48 Pa. C. C. R. 648; Heagy v. Umberger, 10 S. & R.
339.

To make a defense the judgment must be opened
(Weaver v. Adams, 132 Pa. 392), otherwise Maxwell
would be liable to pay the judgment twice.

*Otto Wolff, Jr.,* with him *Lewis, Adler & Laws,* for ap-
pellee.

PER CURIAM, February 6, 1922:
This is an appeal from the refusal to open a judgment
entered on a note under seal signed by defendant.  The
evidence shows that defendant worked for use-plaintiff;
he proved a defaulter, and the obligation in suit was
given to cover the balance due his employer.  The note
was taken in the name of the legal plaintiff, Francis S.
Laws, at the special solicitation and request of defend-
ant, who feared that, if judgment for such a large amount
were entered against him by his employer, just as he, de-
fendant, was leaving a position which he had occupied for
some years, it might cause suspicion and impair his
chances of obtaining other employment.  This simple
statement of facts disposes of the necessity for discuss-
ing the points of law so earnestly urged upon us by ap-

pellant's counsel, and it is necessary to say only that, after reading the testimony, we are not convinced of error.

The order appealed from is affirmed.